1
2
3
4
5
6
7
8                        **UNITED STATES DISTRICT COURT**

9                      **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   Chris Kohler, | CASE NO. 06cv2399 WQH (AJB) |
| 12                                    Plaintiff, | **ORDER** |
|             vs. | |
| 13   MIRA MESA MARKETPLACE WEST, LLC; NEW ALBERTSON'S, INC. dba | |
| 14   ALBERTSON'S-SAVON # 6770; LONGS DRUG STORE # 524; | |
| 15   STARBUCKS CORPORATION dba STARBUCKS COFFEE # 5753; JAMBA | |
| 16   JUICE COMPANY dba JAMBA JUICE # 51; SWH CORPORATION dba MIMI'S | |
| 17   CAFÉ # 0050; EXTREME ICECREAM, LLC dba COLD STONE CREAMERY; | |
| 18   COLD STONE CREAMERY, INC.; PICK UP STIX, INC. dba PICK UP STIX | |
| 19   MIRA MESA # 7219; GREAT PROMO, LLC dba TOGO'S MIRA MESA; FILI | |
| 20   ENTERPRISES, INC. dba DAPHNE'S GREEK CAFÉ; FEDEX KINKO'S | |
| 21   OFFICE AND PRINT SERVICES, INC. dba FEDEX KINKO'S, | |
| 22 | |
| 23                                  Defendants. | |

HAYES, Judge:

24

25         The matter before the Court is "Plaintiff's Motion for Leave of Court to Dismiss his

Lawsuit without Prejudice."  (Doc. # 85).

26

27

28

1

**<u>Background</u>**

2     On October 30, 2006, Plaintiff Chris Kohler ("Plaintiff") filed a Complaint in

3 federal court against Mira Mesa Market Place West, LLC ("Marketplace"), New

4 Albertson's, Inc., Longs Drug Stores California, Inc. ("Longs"), Starbucks Corporation

5 ("Starbucks"), Jamba Juice Company ("Jamba Juice"), SWH Corporation, Extreme

6 IceCream, LLC, Cold Stone Creamery, Inc., Pick Up Stix, Inc., Great Promo, LLC, Fili

7 Enterprises, Inc., Fedex Kinko's Office and Print Services, Inc. ("Kinko's") (Doc. # 1).

8 The Complaint alleges violations of (1) Title III of the Americans With Disabilities Act

9 ("ADA"), 42 U.S.C. §§ 12182, 12183, (2) the Disabled Persons Act, Cal. Civ. Code § 54,

10 (3) the Unruh Civil Rights Act, Cal. Civ. Code § 51, and (4) the California Health and

11 Safety Code § 19955.  Plaintiff seeks injunctive and declaratory relief, and damages.

12     On June 4, 2007, the Court declined to exercise supplemental jurisdiction over

13 Plaintiff's state law claims, brought pursuant to the Disabled Persons Act, the Unruh Civil

14 Rights Act and the California Health and Safety Code.  The Court dismissed all of

15 Plaintiff's state law claims without prejudice.  The Court only retained jurisdiction over

16 Plaintiff's federal claims brought pursuant to the ADA (Doc. # 77).

17     The following defendants stipulated to the voluntary dismissal of Plaintiff's federal

18 claims: Extreme IceCream, LLC (Doc. # 71), Great Promo, LLC (Doc. # 72),  Pick Up

19 Stix, Inc. (Doc. # 81), and SWH Corporation (Doc. # 86).

20     On September 20, 2007, Plaintiff filed the "Motion for Leave of Court to Dismiss

21 his Lawsuit without Prejudice" ("Motion for Voluntary Dismissal").  Plaintiff moves to

22 dismiss his federal claims without prejudice.  On November 5, 2007, Starbucks and

23 Kinko's filed a Response in Opposition to the Motion to Dismiss (Doc. # 87), which

24 Marketplace and Longs joined (Doc. # 88, 90).  On November 5, 2007, Jamba Juice filed a

25 Response in Opposition to the Motion to Dismiss (Doc. # 89), which Longs joined (Doc. #

26 91).  On November 9, 2007, Plaintiff filed a Reply (Doc. # 92).

27

28

## Discussion

Plaintiff emphasizes that this Court's decision to decline to exercise supplemental jurisdiction over Plaintiff's state law claims left Plaintiff with "two (2) separate cases, one in federal court (encompassing his ADA claims), and one in state court (encompassing his state claims)," and that "[o]bviously, such piecemeal litigation is onerous not only on plaintiff (both in time and expenses), but on the courts as well (for the same reasons)." *Pltf's Mot. to Dismiss,* p. 4. Plaintiff contends that dismissal without prejudice "is the best action not only for [Plaintiff's] own legal interests, but that such dismissal would also meet the underlying objective of most sensibly accommodating the values of economy, convenience, fairness and comity." *Id.* (internal quotations omitted). Plaintiff therefore moves the Court to dismiss his federal claims without prejudice.

Defendants contend that they have already incurred substantial expense and effort litigating the action in federal court, and that they are presently entitled to summary judgment on Plaintiff's ADA claims. Defendants also contend that dismissal without prejudice will subject them to increased liability for attorneys' fees because Plaintiff can re-file in state court and under California law (unlike federal law), courts apply the catalyst theory to determine which party prevailed for purposes of attorneys' fees and have discretion to apportion attorneys fees. Defendants therefore contend that they will suffer clear legal prejudice if the Court grants Plaintiff's Motion for Voluntary Dismissal. Defendants contend that if the Court grants the Motion for Voluntary Dismissal, it either should be with prejudice or the Court should stay the action to allow Defendants to file a motion for summary judgment on Plaintiff's ADA claims. Defendants contend that if the Court grants Plaintiff's Motion to Dismiss without prejudice, Plaintiff should be ordered to reimburse defendants for attorneys' fees and costs relating to the federal action.[1]

Rule 41(a) of the Federal Rules of Civil Procedure governs the voluntary dismissal of an action in federal court. Rule 41(a)(2) provides that unless a plaintiff files a notice of

---

[1] Plaintiff's Reply states: "[I]f the Court is inclined to grant plaintiffs request [to dismiss this action without prejudice] (but award the defense fees) [Plaintiff] would ask for the opportunity to withdraw that request. Any desire he has to maintain consistent ruling is trumped by his desire to avoid paying the defense's gold-plated fee demands." *Reply*, p. 3-4.

dismissal before the opposing party serves either an answer or a motion for summary judgment, or the parties stipulate to the dismissal of the action, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. § 41(a)(2).  "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  *Id.*  The decision to grant or deny a motion pursuant to Rule 41(a)(2) is "within the sound discretion of the trial court and may be reviewed only for abuse of that discretion." *Id.*

A court should grant a Rule 41(a)(2) motion for voluntary dismissal without prejudice unless the defendant will "suffer clear legal prejudice, other than the prospect of a subsequent suit on the same facts." *Phillips v. Illinois Central Gulf Railroad,* 874 F.2d 984, 986 (9th Cir. 1989).  The Ninth Circuit interprets "legal prejudice " to mean "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir. 1996).  In the Ninth Circuit, legal prejudice results when a defendant is deprived of a federal forum, the right to a jury trial, or a statute of limitations defense.  *Id.*  Legal prejudice, however, does "not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton v. Firestone,* 679 F.2d 143, 145 (9th Cir. 1982).  Furthermore, "the inconvenience of defending another lawsuit or the fact that the defendant has already begun trial preparations does not constitute prejudice." *In re Lowenschuss,* 67 F.3d 1394, 1400-01 (9th Cir. 1995).

Pursuant to Rule 41(d) of the Federal Rules of Civil Procedure, "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of the previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. § 41(d).  In deciding whether to award costs and attorneys' fees, courts consider any excessive and duplicative expense of a subsequent litigation, the effort and expense incurred in preparation for trial, the extent to which the litigation has progressed and the plaintiff's diligence in moving to dismiss. *Williams v. Peralta,* 227 F.R.D. 538, 540 (N.D. Cal. 2005); *see also* 8-4 *Moore's Federal Practice, Civil §*

1  41.40(10)(d) (2005).  A court's imposition of costs is discretionary.  *Westlands Water Dist.,*

2  100 F.3d at 97.

3         Defendants' argument that voluntary dismissal will result in legal prejudice because

4  they have incurred substantial expense and effort litigating the action in federal court is

5  foreclosed by Ninth Circuit authority.  *See Westlands Water Dist.,* 100 F. 3d at 97.

6  Defendants will not be deprived of a statute of limitations defense, right to jury trial or

7  federal forum because Defendants  do not allege a statute of limitations defense and do not

8  assert that their right to a jury trial or federal forum will be impaired if the Court grants the

9  Motion for Voluntary Dismissal.  In light of the foregoing, the Court concludes that

10 voluntary dismissal without prejudice is appropriate because Defendants will not suffer

11 clear legal prejudice.

12        The Court declines to exercise its discretion to award Defendants fees and costs

13 because Plaintiff was not dilatory in filing the Motion, which was filed shortly after the

14 Court's Order declining to exercise supplemental jurisdiction over Plaintiff's state law

15 claims and at a relatively early stage of the proceedings.

16                                          **Conclusion**

17        The Court **GRANTS** "Plaintiff's Motion for Leave of Court to Dismiss his Lawsuit

18 without Prejudice."  (Doc. # 85).  This lawsuit is **DISMISSED without prejudice.**

19 DATED:  December 19, 2007

20                        *William Q. Hayes*

21                        **WILLIAM Q. HAYES**
                          United States District Judge

22

23

24

25

26

27

28